IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HANTZIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETER L. SHAW, Appellate Commissioner for the Ninth Circuit, JERALD LEE BRAININ, KEVIN LALLY, BRENDA GRANTLAND, STEPHEN LARSON, and MONICA E. TAIT,<br><br>　　　　Defendants.　　　　　　　／ | No. C 08-5144 CW<br><br>ORDER GRANTING MOTION TO JOIN MOTION TO DISMISS; GRANTING MOTIONS TO DISMISS; DENYING MOTION FOR SUMMARY JUDGMENT |

　　On November 12, 2008, pro se Plaintiff Andrew Hantzis filed the initial complaint in this case, naming Peter L. Shaw and Jerald Brainin as Defendants. On December 29, 2008, Defendant Brainin moved, pursuant to 28 U.S.C. Section 1915A, for dismissal. On January 22, 2009, Plaintiff filed a first amended complaint (FAC), adding Kevin Lally, Brenda Grantland, Monica E. Tait and the Honorable Stephen Larson as Defendants and making additional allegations. On February 12, 2009, Defendants Peter L. Shaw, the Honorable Stephen Larson, Kevin Lally, and Monica E. Tait moved, pursuant to 28 U.S.C. Section 1915A, for dismissal and on March 11, 2009, Defendant Jerald Brainin moved to join that motion. On

February 25, 2009, Defendant Brenda Grantland moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of the claims against her and on March 25, 2009, Defendant Grantland moved for summary judgment. Plaintiff opposes the motions for dismissal and summary judgment.

Having considered all of the papers filed by the parties, the Court GRANTS Defendant Brainin's motion to join, GRANTS the motions for dismissal and DENIES Defendant Grantland's motion for summary judgment as moot.

## BACKGROUND

In June 28, 2005, following a jury trial, Plaintiff was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. Section 841(a). See United States v. Hantzis, CR 00-01047-SVW (C.D. Cal. 2005). Plaintiff is presently in federal custody, serving a 211 month prison sentence, and appeal of his conviction is pending in United States v. Hantzis, CA 05-50507 (9th Cir.). Plaintiff was a claimant in two civil actions: United States v. 25361 Woodward Ave., CV 00-10591-SVW (C.D. Cal.), and United States v. 1812 258th Place, CV 00-10590-SVW (C.D. Cal.). Both were drug-related property forfeiture cases and the former case was consolidated into the latter.

Defendants in this case were involved in the cases above as follows. Peter L. Shaw is the Appellate Commissioner for the Ninth Circuit and in that capacity has decided motions filed by Plaintiff in his pending criminal appeal. Jerald Brainin was court-appointed to represent Plaintiff in his pending criminal appeal and was counsel of record from June 30, 2008 to January 8,

1  2009.  The Honorable Stephen Larson, now a district court judge and
2  a former Assistant United States Attorney, is alleged to have acted
3  as an investigating prosecutor in Plaintiff's criminal case and,
4  after becoming a magistrate judge, to have issued orders in that
5  case.  Kevin Lally is an Assistant United States Attorney who
6  represented the United States in the criminal case against
7  Plaintiff.  Monica E. Tait is an Assistant United States Attorney
8  who represented the United States in the civil forfeiture cases.
9  Brenda Grantland was counsel for Plaintiff in the civil forfeiture
10 cases.
11      The FAC states that it is "brought under Bivens, 42 USC
12 § 1983, 42 USC § 1982 and 28 USC § 1346(a)(2)."  Part A of the FAC
13 is identical to the original complaint[1] and alleges the following
14 causes of action: (1) claims under 42 U.S.C. Section 1983 against
15 Defendants Brainin and Shaw for violating Plaintiff's right to due
16 process by delaying Plaintiff's appeal; and (2) a claim under 42
17 U.S.C. Section 1982 against Defendants Shaw and Brainin for
18 violating Plaintiff's rights to hold real and personal property by
19 delaying Plaintiff's appeal.
20      Part B of the FAC concerns Plaintiff's criminal and civil
21 forfeiture cases and contains the following allegations:
22 (1) Defendant Grantland entered fraudulent stipulations in the
23 civil forfeiture cases; (2) The Honorable Stephen Larson, as an

---

[1] Because Part A of the FAC is identical to the original complaint, which named only Shaw and Brainin as Defendants, and because it is clear that the remaining Defendants are involved only with the allegations made in Part B of the FAC, the Court reads "Defendants" in Part A to mean only Defendants Shaw and Brainin.

3

investigating prosecutor, induced Plaintiff to put his property into a trust, allowing it to be seized by the United States; (3) The Honorable Stephen Larson, as a magistrate judge, issued orders in the civil forfeiture cases, in violation of the Code of Conduct for Judges, "the Canons," and Article III, Clause 1 of the Constitution; (4) "Prosecutor/Judge Larson manipulated the system to achieve the equivalent here of what is in essence a Second Prosecution and a Sham Prosecution;" and (5) Defendant Tait entered into the stipulations with Grantland, knowing they were fraudulent, "in violation of the Attorney Code of Conduct and Due Process." Part B also contains allegations concerning the district court, (FAC, ¶¶ 16-17), which do not concern Defendants individually or collectively, except, perhaps, to demonstrate the effects of their alleged acts. Plaintiff does not state specific causes of action against the Part B Defendants, but the Court assumes he intended to state the same causes of action he brought in Part A.

Plaintiff also maintains that the Preamble to the United States Constitution creates a contract between Plaintiff and Defendants, that Defendants breached this contract, and that he brings suit pursuant to 28 U.S.C Section 1346(a)(2), by which the United States waives sovereign immunity for breach of contract claims up to $10,000.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate

4

only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-55 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

As a general rule, a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994). Rule 12(b)(6) provides that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." However, a court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

5

DISCUSSION

I.   Review under 28 U.S.C. Section 1915A

Title 28 U.S.C. Section 1915A states, in relevant part:

> (a) Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity.
> (b) Grounds for dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Ramirez v. Galaza, 334 F.3d 850, 854 (9th Cir. 2003). "Additionally, in general, courts must construe pro se pleadings liberally." Id.

The instant case is a civil action by a prisoner seeking redress from officers of courts and employees of government entities, among others. Accordingly, the Court reviews the complaint under 28 U.S.C. Section 1915A.

II.   Judicial Immunity

Plaintiff states claims against the Honorable Stephen Larson for actions he took in his role as a magistrate judge and against Defendant Shaw for his rulings on motions in Plaintiff's criminal appeal. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th

Cir. 1986). Accordingly, the Court dismisses with prejudice, because amendment would be futile, Plaintiff's claims against the Honorable Stephen Larson for his judicial actions and Plaintiff's claims against Defendant Shaw.

III. Prosecutorial Immunity

Plaintiff's FAC makes no mention of Defendant Lally, other than naming him as a Defendant, and makes a single allegation against Defendant Tait that is related to her actions representing the United States in the civil forfeiture cases. Like judges, prosecutors are immune from damage liability for acts performed as officers of the court. Van De Kamp v. Goldstein, __ U.S. __, 129 S. Ct. 855, 859-861 (2009). Accordingly, the Court dismisses with prejudice, because amendment would be futile, Plaintiff's claims against Defendants Lally and Tait.

Plaintiff makes allegations about the Honorable Stephen Larson's actions in his alleged role as investigating prosecutor of Plaintiff's criminal case, before he was appointed a magistrate judge:

> Meanwhile, prosecutor Larson, AKA Judge Larson, who as prosecutor was working behind the scenes and orchestrated the entire investigation against Hantzis through a setup with a snitch named Gary Didio (at all times material Didio contacted Larson from jail. Larson told Didio to have Hantzis put all of his properties into a trust). Larson's plan was that when Hantzis was arrested, all of the Trust property would come into the forfeiture arm of the United States and he would be commended as a hero. On the day Hantzis was arrested, Larson receive [sic] a promotion to Magistrate Judge.

(FAC ¶ 9.)

Absolute prosecutorial immunity may not apply when a prosecutor is not acting as an officer of the court, but is instead

7

1  engaged in other tasks that are investigative or administrative in
2  nature.  Id. at 861.  To decide whether absolute immunity bars
3  claims based on a particular prosecutorial activity, the functional
4  nature of the task must be considered.  Id.  The Supreme Court has
5  held that absolute immunity applies when a prosecutor prepares to
6  initiate a judicial proceeding and appears in court to present
7  evidence in support of a search warrant, but that absolute immunity
8  does not apply when a prosecutor gives advice to police during a
9  criminal investigation, makes statements to the press or acts as a
10 complaining witness in support of a warrant application.  Id.
11 (citations omitted).  In Van de Kamp, the Court held that
12 prosecutors involved in the supervision, training or information-
13 system management regarding benefits provided to jailhouse
14 informants and other impeachment information were absolutely immune
15 from suit on the ground that these tasks were directly connected
16 with the conduct of a trial, rather than administrative duties like
17 hiring, payroll administration or the maintenance of physical
18 facilities.  Id. at 861-62.

19     Although Plaintiff claims that Judge Larson was acting as an
20 investigator when he undertook the actions Plaintiff cites, the
21 facts alleged indicate that Judge Larson was acting in preparation
22 for trial, and he would be absolutely immune from suit for such
23 conduct.  Furthermore, Plaintiff's allegations against Judge Larson
24 fail to describe a violation of a right secured by the Constitution
25 or laws of the United States, so Plaintiff has failed to state a
26 claim under 42 U.S.C. Section 1983 or under Bivens.  Plaintiff also
27 alleges no act taken by Judge Larson on account of Plaintiff's

8

race, so Plaintiff has failed to state a claim under 42 U.S.C. Section 1982.

Paragraph 11 of the FAC alleges that "Prosecutor/Judge Larson manipulated the system." This is vague, but the import of the entire paragraph seems to be that Plaintiff's federal prosecution, after state criminal charges were dismissed with prejudice, put Plaintiff in double jeopardy. This is an issue that Plaintiff may be able to raise on appeal of his criminal case, but not in a suit for damages against Judge Larson.

Accordingly, the Court dismisses with prejudice, because amendment would be futile, Plaintiff's claims against the Honorable Stephen Larson for his actions as a prosecutor.

IV. Civil Rights Claims

A. Claims Against Defendant Jerald Brainin

Plaintiff's first claim against Defendant Brainin is raised under 42 U.S.C. Section 1983. Title 42 U.S.C. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487

9

1 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245
2 (9th Cir. 1987).

3 Plaintiff's complaint alleges that Defendant Brainin acted
4 under the color of state Law "as a State of California licensed
5 attorney and officer of the state."  However, a "lawyer
6 representing a client is not, by virtue of being an officer of the
7 court, a state actor 'under color of state law' within the meaning
8 of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).
9 Thus, Plaintiff has failed to state a claim against Defendant
10 Brainin under Section 1983 because Brainin is not a state actor.

11 If Plaintiff's FAC is liberally construed to claim under
12 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403
13 U.S. 388, 397 (1971), rather than under Section 1983, it still
14 fails to state a claim because Defendant Brainin is not a federal
15 actor.  Bivens established that, by analogy to the constitutional
16 claims that may be brought against state actors under Section 1983,
17 plaintiffs may bring constitutional claims against federal actors.
18 "If a public defender does not act under color of state law in
19 representing an indigent defendant in a state criminal proceeding,
20 it follows that a public defender does not act under color of
21 federal law in performing the identical functions as a lawyer to an
22 indigent defendant in a federal criminal proceeding."  Cox v.
23 Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982).

24 Plaintiff also alleges that Defendant Brainin violated his
25 rights to hold real and personal property in violation of 42 U.S.C
26 Section 1982.  Title 42 U.S.C Section 1982 states, "All citizens of
27 the United States shall have the same right, in every State and
28

10

Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." "Racial discrimination must be shown to state a colorable Section 1982 claim." West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1527 (9th Cir. 1990). Plaintiff has not alleged any act Defendant Brainin has taken on account of Plaintiff's race, so he has not stated a cause of action under Section 1982.

Accordingly, the Court dismisses Plaintiff's claims against Defendant Brainin.

B.   Claims Against Brenda Grantland

As stated above, Plaintiff's FAC only contains factual allegations against Defendant Grantland and does not assert specific causes of action against her. However, the Court assumes Plaintiff intends to assert the same causes of action against her as he asserted in Part A of the FAC, that is, claims under Bivens and 42 U.S.C. §§ 1983 and 1982.

Plaintiff alleges that Defendant Grantland, without his consent, filed stipulations on his behalf with the court while representing him in the civil forfeiture cases. Plaintiff made the same allegation in the forfeiture cases themselves and on March 31, 2009, the Honorable Stephen V. Wilson issued an "Order Enforcing September 3, 2002 Stipulation," which enforced the stipulations in question. (United States v. 1812 258th Place, CV 00-10590-SVW, C.D. Cal., Docket No. 222.) The order contained a factual finding that Defendant Grantland had Plaintiff's consent when she filed the stipulations. On April 9, 2009, Plaintiff made this allegation

11

again in a motion for reconsideration. (Id., Docket No. 227.) On April 23, 2009, Judge Wilson issued an order, entitled "Judgment Forfeiting Defendant Real Property . . . ," reaffirming the judgment and reiterating that Defendant Grantland had Plaintiff's consent when she filed the stipulations. (Id., Docket No. 229.)

The doctrine of collateral estoppel bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even when the issue is raised in litigating a different claim. New Hampshire v. Maine, 532 U.S. 742, 748 (2001). The elements of collateral estoppel are "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000). In federal courts, a judgment has preclusive effect even if an appeal is pending. Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988).

Plaintiff's consent to the stipulations filed by Defendant Grantland was an issue in the consolidated civil forfeiture cases. The issue was actually litigated in those cases and was resolved in a final court determination, in which the validity of the stipulations was an essential fact. Plaintiff was a party in the forfeiture cases. Thus, all elements of collateral estoppel are met and Plaintiff is barred from raising the same issue as the basis for a claim for damages in this action.

12

Collateral estoppel is an affirmative defense. "Ordinarily affirmative defenses may not be raised in a motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)(internal citation omitted) (affirming a dismissal under Rule 12(b)(6), but on the ground of res judicata rather than the district court's ground of lack of subject matter jurisdiction). As in Scott, application of collateral estoppel in the instant case does not depend on any disputed issue of fact. The facts that Plaintiff previously litigated the issue of the stipulations and that the issue was decided are matters of public record and not reasonably in dispute.

Moreover, Plaintiff does not allege that Defendant Grantland acted under color of state or federal law, and thus he fails to state a claim under 42 U.S.C. Section 1983 or Bivens. Plaintiff also alleges no action she took on account of Plaintiff's race, so he fails to state a claim under 42 U.S.C. Section 1982.

Given that collateral estoppel bars the litigation of Plaintiff's allegations against Defendant Grantland, amendment would be futile. Accordingly, the Court dismisses with prejudice the claims against Defendant Grantland.

V. The Breach of Contract Claim

Plaintiff's complaint also presents the theory that Defendants are liable to him for breach of a contract formed by the Preamble of the United States Constitution. Plaintiff presents no authority that the Preamble to the United States Constitution creates a judicially enforceable contract between any two parties. This

13

claim is frivolous and amendment would be futile.  Accordingly, the Court dismisses with prejudice the breach of contract claim.

## CONCLUSION

Defendant Brainin's motion to join the motion to dismiss filed on behalf of Defendants Shaw, Lally and Tait and the Honorable Stephen Larson is GRANTED.  (Docket No. 41.)  The motions to dismiss the complaint pursuant to 28 U.S.C. Section 1915A and Federal Rule of Civil Procedure 12(b)(6) are GRANTED.  (Docket Nos. 5, 28 and 29).  Leave to amend is not granted, as amendment would be futile.  Defendant Grantland's motion for summary judgment is now moot and is denied.  (Docket No. 45.)

Judgment will be entered in favor of Defendants and against Plaintiff.  All parties shall bear their own costs of suit.

IT IS SO ORDERED.

Dated  September 29, 2009

CLAUDIA WILKEN
United States District Judge

14