IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW HANTZIS,

    Plaintiff,

  v.

PETER L. SHAW, et al.,

    Defendants.
                                       /

No. C 08-05144 CW

ORDER DENYING DEFENDANT'S MOTION REQUESTING CONFIRMATION OF SERVICE, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

    On September 29, 2009, the Court issued an order dismissing with prejudice all the claims in pro se Plaintiff Andrew Hantzis' civil rights complaint because amendment would be futile.  On September 30, 2009, judgment was entered in favor of Defendants.

    On November 6, 2009, Defendant Brenda Grantland filed a motion to ascertain whether Plaintiff was properly served with the September 29, 2009 Order and Judgment because he and his sister had continued to send mail to Defendant as if his complaint had not been dismissed.  On November 19, 2009, Plaintiff filed a notice of appeal, a motion for reconsideration and a motion for leave to appeal in forma pauperis.

Plaintiff's notice of appeal indicates that he was served with the Court's Order and Judgment.  Therefore, Defendant Grantland's motion is denied as moot.  Plaintiff is advised to cease sending mail regarding this case to Defendant Grantland or to other Defendants, unless the documents address a pending appeal of this case.

Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. <u>Twentieth Century-Fox Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1980). "`[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

In his motion for reconsideration, Plaintiff fails to cite an intervening change in law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.  He merely argues that the Court's analysis in the September 29, 2009 Order was incorrect.  Therefore, Plaintiff fails to present appropriate grounds for reconsideration and the motion for reconsideration is denied.

In the September 29, 2009 Order, the Court dismissed all of Plaintiff's claims without leave to amend because the claims were frivolous and amendment would be futile.  Because Plaintiff's claims are frivolous, the Court denies his request to proceed on appeal <u>in forma pauperis</u>.

CONCLUSION

For the foregoing reasons, Defendant Grantland's motion to

2

ascertain service of judgment is denied as moot (Doc. # 61), Plaintiff's motion for reconsideration is denied (Doc. # 63) and his request to proceed in forma pauperis on appeal is denied (Doc. # 63).

IT IS SO ORDERED.

Dated: December 1, 2009

CLAUDIA WILKEN
United States District Judge